## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY JACOBS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:22-CV-55 ACL |
| ) | |
| DANIEL REDINGTON, ) | |
| ) | |
| Defendant. ) | |

### OPINION, MEMORANDUM AND ORDER

Before the Court is pro se petitioner Timothy Jacob's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in Northeast Correctional Center (NECC) in Bowling Green, Missouri. As discussed below, the Court has reviewed petitioner's filings and will summarily dismiss this action due to petitioner's failure to exhaust his state court remedies with respect to his habeas corpus claims. Petitioner's property claims will also be dismissed as non-cognizable in this action.

### The Petition

On August 22, 2022, petitioner filed a form "Petition under 28 U.S.C. § 2254" stating that he is "challenging a false imprisonment." Petitioner fails to name the alleged conviction and sentence he is challenging. Rather, in his habeas petition, he states that the "length of sentence" was "illegal structured confinement [for] (3) more years." He claims, without additional information, that there is no case, crime, judgment, conviction or sentence for the alleged detention.

In ground one of the petition, petitioner asserts that he has been unlawfully detained in custody for parole "beyond expired sentences that no longer exist." In ground two of the petition,

Jacobs asserts that his current custodian, Daniel Redington, has falsely confined him past his May 8, 2021, imprisonment date by using methods of "adverse discretionary actions through [Mo.Rev.Stat. 217.305]."[1] In ground three of the petition, petitioner asserts that he has been deprived of his legal and personal property while he has been kept in administrative segregation.

Petitioner has attached a fifteen (15) page supplement to his petition. In his supplement, petitioner asserts that his consecutive sentences assessed by the Missouri State Courts have been miscalculated by the Missouri Board of Probation and Parole (MBPP), as well as the Missouri Department of Corrections (MDOC). He states that he received a ten-year sentence, a fifteen-year sentence and a five-year sentence in the Missouri state courts, all to be served consecutively in the MDOC, and he disagrees with the method of computation for these sentences, as decided by MBPP and MDOC. Petitioner acknowledges in his petition that he *has not* raised his issues to the "highest state court having jurisdiction."

Petitioner seeks an order from this Court relative to the "proper" computation of his consecutive sentences. To that end, he seeks release from custody, as well as return of his property.

**Background**

A review of Missouri Case.Net[2], as well as Pacer, the national repository for federal court case records, indicates that this is not the first time petitioner has sought relief over the issues contained herein.

---

[1]Section 217.305 of the Missouri Revised Statutes is titled, "Delivery of prisoners to correctional centers with certain required information." Such information includes:
>  (1) A certified copy of the sentence from the clerk of the sentencing court on the standardized form developed by the office of state courts administrator.  Such form shall include specifics on any status violated, court-ordered probation not supervised by the department, the offense cycle number and any court-ordered restitution owed to the victim;

[2]Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir.

In 1995, petitioner was convicted in two separate cases for kidnapping in Jackson County Missouri. *See State v. Jacobs*, Case No. 16CR94002628; *see also*, *State v. Jacobs*, Case No. 16-CR-94001235. In 16CR94002628 (Case 1), the Jackson County Circuit Court sentenced petitioner to ten years' imprisonment. In 16CR94001235 (Case 2), the court sentenced petitioner to fifteen years' imprisonment, consecutive to his sentence in Case 1, for a total of twenty-five years' imprisonment between Case 1 and Case 2. In 2014, petitioner was convicted of offering violence to an employee of the Department of Corrections, and the Cole County Circuit Court sentenced him to five years' imprisonment, consecutive to his sentences in Case 1 and Case 2. *See State v. Jacobs*, Case No. 11AC-CR02557.

Petitioner was conditionally released on his sentences for Case 1 and Case 2 on May 5, 2013. However, on November 26, 2013, the MBPP revoked petitioner's conditional release and he returned to prison to serve the remainder of his sentences. On May 8, 2016, petitioner finished serving the remainder of his sentence for Case 1. On May 8, 2019, petitioner finished serving the remainder of his sentence for Case 2. When petitioner finished serving his sentences for Cases 1 and 2, he began serving his sentence for Case 3.

Petitioner has attempted to argue that MDOC and MBPP have incorrectly calculated his maximum discharge dates on his sentences and increased the time he must serve before he will be conditionally released by filing motions for release in both Missouri state courts[3], as well as Missouri federal courts.

---

2007) (explaining that district court may take judicial notice of public state records); *and Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[3]According to Missouri.Case.Net, petitioner has attempted to argue this issue in the Missouri state courts in no less than four proceedings. *See Jacobs v. McSwain*, No. 1816-CV00646 (16th Judicial Circuit, Jackson County Court); *Jacobs v. Weber*, No. 20RA-CV01536 (14th Judicial Circuit, Randolph County Court); *Jacobs v. State*, No. 1416-CV12597 (16th Judicial Circuit, Jackson County Court); *Jacobs v. Weber*, No.

On November 25, 2014, petitioner filed an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Missouri challenging his parole revocation in his state criminal cases in Jackson County, Missouri, and their relationship to his other criminal case in Cole County, Missouri. *See Jacobs v. Spackler*, No. 4:14-CV-1082 FJG (W.D.Mo.). He specifically argued that he was denied due process in his revocation hearings. The Court denied and dismissed petitioner's action due to his failure to exhaust his state court remedies.

On November 4, 2015, petitioner filed a second application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Missouri challenging his probation revocation. *See Jacobs v. McSwain*, No. 4:15-CV-911 FJG (W.D.Mo.). Petitioner's application for habeas corpus was denied as untimely. *Id.*

On April 8, 2016, petitioner filed a third application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Missouri. *See Jacobs v. Spackler*, No. 4:16-CV-318 FJG (W.D.Mo). This time, petitioner challenged his 1995 convictions from Jackson County, Missouri for kidnapping. Because this was not petitioner's first application for habeas corpus relating to his 1995 convictions for kidnapping, *see Jacobs v. Purkett*, No. 00-0911-CV-W-2-P (habeas relief denied on May 9, 2001), the Court denied the petition as successive on April 25, 2016.

On December 20, 2021, petitioner filed an action alleging violations of his civil rights brought pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Missouri. *See Jacobs v. Precythe*, et al., No. 2:21-CV-4237 NKL (W.D.Mo.). Petitioner alleged

---

21SF-CC00080 (24th Judicial Circuit, Cole County Court). Some of these proceedings have been transferred to other courts as petitioner has been transferred within the MDOC system. The habeas corpus proceedings in Cole County Court are currently under review. *See Jacobs v. Weber,* No. 21SF-CC00080 (24th Judicial Circuit, Cole County Court).

4

that he was being "falsely imprisoned" past his maximum term of imprisonment. He asserted that beginning in 2001, MDOC records officers exceeded their jurisdictional authority by unlawfully miscalculating consecutive prison terms, which caused him to serve time past his maximum prison date. On February 9, 2022, the Court denied and dismissed petitioner's amended complaint finding that petitioner's allegations were barred because the success in that action would necessarily demonstrate the invalidity of confinement or its duration. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears the petitioner is not entitled to relief. After review of petitioner's allegations in this action, the Court finds that his request for habeas corpus should be summarily denied and dismissed due to petitioner's failure to fully exhaust his state court remedies with respect to his habeas claims.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

As noted above, petitioner's Rule 91 habeas corpus proceedings in Cole County Court are currently under review. *See Jacobs v. Weber*, No. 21SF-CC00080 (24th Judicial Circuit, Cole County Court). In that action, petitioner raises the same issues raised in the current action relative to the calculation of his sentences by the MDOC and the MBPP. *Id.* Further, petitioner acknowledges in his application for writ of habeas corpus that he has not raised his issues to the

5

"highest state court having jurisdiction." As a result, petitioner clearly has adequate and available state court remedies in the form of state habeas and appeal therefrom. *See State ex rel. Mack v. Purkett*, 825 S.W.2d 851, 853 (Mo. Banc 1992) (reviewing habeas corpus challenge to parole revocation despite petitioner being incarcerated on a separate conviction pending on appeal; stating, "But for the parole revocation, petitioner would be entitled to conditional release" on the other conviction); *see also* Mo. Sup. Ct. R. 91.

Moreover, petitioner has not demonstrated that state court remedies are ineffective or that he has exhausted all adequate and available state court remedies as required by Section 2254 (b)and (c) and *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (requiring initial and fair presentation of all claims to the state courts). Therefore, the Court is obligated to deny and dismiss petitioner's habeas claims in this action.

As for petitioner's claims that he is being denied property, those claims are not cognizable in an action for 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (noting that challenges to the validity of confinement or to matters affecting its duration falls within the province of habeas corpus whereas challenges involving the circumstances of confinement should be presented in a § 1983 action). As such, petitioner's property claims are subject to dismissal without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** for failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that petitioner's claims regarding his loss of property are **DENIED without prejudice** as non-cognizable in this action.

6

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 25th day of August, 2022.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE