# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY JACOBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  2:22-CV-0055 ACL |
| | ) | |
| DANIEL REDINGTON, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This closed case is before the Court on self-represented petitioner Timothy Jacob's motion for reconsideration of the dismissal of this action. Also before the Court is petitioner's motion to amend the petition. On August 25, 2022, the Court dismissed petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 for failure to exhaust his state court remedies.[1] For the reasons discussed below, the Court will deny petitioner's motions.

**Motion for Reconsideration**

Petitioner asserts in his motion for reconsideration that this Court should not have summarily ruled on his petition for writ of habeas corpus without allowing him leave to amend. Thus, he seeks leave to amend his petition before this Court, as well as the opportunity to have his application for writ of habeas corpus interpreted as a petition for writ of mandamus brought pursuant to 28 U.S.C. § 1651.

It is unclear whether petitioner intends his pro se motion for rehearing to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake

---

[1] Petitioner included in his application for writ a claim that he was being denied property. As this claim was not cognizable in an action brought pursuant to 28 U.S.C. § 2254, his property claim was denied and dismissed without prejudice.

or other reason). Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)). However, he cites to both Rules of Civil Procedure in the heading of his motion for reconsideration, thus the Court will review his motion pursuant to both Rules.

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment.

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Although petitioner claims in his motion for reconsideration that the Court "could have found newly developed discoveries," he fails to point to any newly discovered evidence himself which could justify relief under either Rule 59(e) or 60(b). Petitioner does not dispute that he has failed to exhaust his state court remedies with respect to his claims that he is serving an "illegally structured sentence," as calculated by the Missouri Board of Probation and Parole. He acknowledges in his petition that he has not raised his issues to the "highest state court having jurisdiction."

Petitioner's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. There are no exceptional circumstances here that justify extraordinary relief. The Court declines to provide petitioner with relief from final judgment in this matter. Petitioner is therefore not entitled to reconsideration of the dismissal of his petition, and his motion will be denied.

As for his request that his application for writ be treated as a petition for writ of mandamus, his request will also be denied. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County,* 323 F.2d 485, 486 (8th Cir.1963). Petitioner has named his Warden, Daniel Redington, as the named respondent in this action. The Court is not authorized to tell petitioner's respondent to calculate his sentence

differently. *See Middlebrooks*, 323 F.2d at 486; *Veneri v. Circuit Court of Gasconade Co.,* 528 F.Supp. 496, 498 (E.D.Mo.1981) (federal courts have no superintending control over and are without authority to issue writ of mandamus to direct, state court or its judicial officers in performing duties). As such, petitioner's request that this Court issue a writ of mandamus to Daniel Redington is denied.

**Motion to Amend the Petition**

Petitioner seeks leave to amend the petition after dismissal of this action on August 25, 2022, due to his failure to exhaust his state court remedies with respect to his claims. In his motion to amend the petition, petitioner states that "Due Process of Law under the Fifth and Fourteenth Amendments to the United States Constitution Provides that no person shall be deprived of…Liberty or Property without Due Process of Law." Petitioner has failed to attach a proposed amended petition to his motion for leave to amend.

Although a district court "should freely give leave [to amend] when justice so requires, Fed. R. Civ. P. 15(a)(2), [petitioners] do not enjoy an absolute or automatic right to amend a deficient . . . [c]omplaint." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (internal quotation omitted). Moreover, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823. "Post-dismissal motions to amend are disfavored." *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010).

Petitioner has not attached a proposed amended petition to his motion for leave. Nor has he explained how he would correct the deficiencies in the original petition. The Court will therefore deny his post-dismissal motion for leave to amend.

Accordingly,

4

5

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of the dismissal of this action [ECF No. 5] is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for leave to amend his petition [ECF No. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request for application for writ of mandamus is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that any future documents or pleadings in this action shall be filed in the Eighth Circuit Court of Appeals, except for a Notice of Appeal.

Dated the 21st day of September, 2022.

                                            HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE