UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY JACOBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:22-CV-0055 ACL |
| | ) | |
| DANIEL REDINGTON, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This closed case is before the Court on self-represented petitioner Timothy Jacob's motion for transfer of this closed action to the United States District Court for the Western District of Missouri. On August 25, 2022, the Court dismissed petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 for failure to exhaust his state court remedies.[1] For the reasons discussed below, the Court will deny petitioner's motion to transfer venue.

Petitioner does not indicate in his motion to transfer venue why he seeks to transfer a closed action to the United States District Court for the Western District of Missouri.[2] Additionally, as

---

[1] Petitioner included in his application for writ a claim that he was being denied property. As this claim was not cognizable in an action brought pursuant to 28 U.S.C. § 2254, his property claim was denied and dismissed without prejudice.

[2] Pursuant to 28 U.S.C. § 2241(d), "Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." Thus, at the time of the filing of the original petition, both this Court and the United States District Court for the Western District of Missouri had concurrent jurisdiction over petitioner's application for writ of habeas corpus. Despite 28 U.S.C. § 2241(d), however, the two Missouri District Courts have routinely agreed that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district and vice versa. *In re Business of the Court*, January 27, 1986.

this matter has already been ruled on, the Court will decline to transfer the matter to the United States District Court for the Western District. Of course, if petitioner wishes to file an appeal of this closed action, he may do so by filing a notice of appeal in this case and appealing this action to the Eighth Circuit Court of Appeals.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to transfer venue in this closed action [ECF No. 8] is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additionally filed motions or documents in this action except for a Notice of Appeal.

Dated this 21st day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE